UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN L. LERCH,

        Plaintiff,

  v.                                                 Case No. 08-C-1034

CITY OF GREEN BAY, et al.,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

This lawsuit is the third case in which pro se plaintiff John Lerch has alleged that City of Green Bay (the "City") and a few of its building inspectors violated his constitutional rights. In the two previous cases involving these parties, the Court granted summary judgment in favor of the defendants and dismissed Lerch's claims. *Lerch v. City of Green Bay, et al.*, No. 05-484, 2006 WL 1728104 (June 22, 2006), *aff'd* 218 Fed. Appx. 502 (7th Cir. 2007) ("*Lerch I*"); *Lerch v. City of Green Bay, et al.*, No. 06-C-454, 2007 WL 2751804 (Sept. 18, 2007), *aff'd*, 271 Fed. Appx. 528 (7th Cir. 2008) ("*Lerch II*"). Lerch filed this case in Brown County Circuit Court, and defendants removed it to this Court. In his amended complaint, Lerch alleges violations of his Eighth and Fourteenth Amendment rights. Defendants Jean Angell, Scott A. Nelson, Ken Loehlein and the City filed a motion for summary judgment. The motion will be granted for the reasons stated below.

**BACKGROUND**

Lerch has owned various properties in Green Bay for approximately thirty years, but for half of this period of time he has been receiving citations from the City as a result of failed inspections. One of Lerch's properties is 1168 Klaus Street, which was the subject of a complaint made to the City on November 1, 2004. As a result, defendant Jean Angell, now JeanWolfgang, conducted an inspection of 1168 Klaus Street. Because her inspection revealed violations of the City's building code, Wolfgang provided Lerch with a notice of non-compliance she signed on November 3, 2004. The notice gave Lerch until December 6, 2004, to cure the violations.

The City obtained an inspection warrant for 1168 Klaus Street on November 28, 2005. This inspection revealed that there was plumbing, electrical, heating and general remodeling work in progress without the permit required by the City's municipal code. Lerch and the City reached an agreement on July 11, 2006, under which he would have until October 1, 2006 to complete an approved plan for exterior repairs and renovations. (Loehlein Aff. Ex. 1.) Lerch requested an extension of time to complete the repairs, but the City denied his request on October 6, 2006, as it did not appear that he had made a good faith effort to complete the agreed upon repairs and renovations. (Loehlein Aff. Ex. 2.)

In December 2006, Lerch and his alderman, Guy Zima, met with City Attorney Jerry Hanson regarding 1168 Klaus Street. At the time of the meeting, a raze or repair order had already issued for the property. According to Hanson, Lerch agreed to submit a site plan and have licensed contractors obtain the necessary permits to do the work required at the property by January 31, 2007. Lerch and Zima had a different understanding of the meeting, as both were under the impression that Lerch would be given until June 1, 2007 to obtain the necessary permits for exterior work on

2

the building, and until December 1, 2007 to complete work on the building's interior. (Zima Aff. ¶ 5; Lerch Aff. ¶ 56.) But whatever impression Lerch may have had about how long the City would wait before razing the building after the meeting, Hanson advised Lerch in a letter dated April 2, 2007 that the City was proceeding with the raze process. (Loehlein Aff. Ex. 4.) The property was razed on April 12, 2007. Lerch appears to claim a violation of his equal protection rights because his property at 1168 Klaus Street was razed and the City has not razed a number of other comparable buildings subject to raze or repair orders.

The other property involved in this litigation is 503 South Ashland Avenue in Green Bay. Lerch alleges that in May of 2007 he was wrongly given citations for failing to correct building code citations or failing to obtain a building permit. According to Lerch, these $660 citations are fines prohibited by the Eighth Amendment. Lerch also appears to allege that other properties in the City were treated more leniently than 503 South Ashland. Because of this, Lerch alleges a violation of his equal protection rights.

**ANALYSIS**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend each element of the cause of action, showing that there is a genuine issue for trial. *Id*. at 322-24.

Lerch alleges that defendants violated his constitutional rights by imposing excessive fines for building code violations, and violating his equal protection rights by treating him differently than similarly-situated property owners. This case comes within a hair's breadth of being dismissed as barred by the doctrine of claim preclusion, as Lerch's amended complaint is largely a mere rehashing of the claims he presented in *Lerch II*.[1] One wrinkle in the chronology of these cases counsels against a dismissal on this basis, however. Although the Court throughly considered and rejected Lerch's equal protection claim in relation to 1168 Klaus Street in *Lerch II*, at the time he filed that complaint the property had yet to be razed. The structure was razed by the time the Court granted summary judgment in *Lerch II*, and the Court noted this fact in its decision, but Lerch did not present the same claim as he does here, namely that the City's failure to raze similar properties subject to a raze or repair order violated his right of equal protection. Further, in addition to claims relating to 1168 Klaus Street, Lerch also alleges defendants violated his constitutional rights by issuing citations for his property at 503 South Ashland Avenue, and these citations were issued after Lerch filed his complaint in *Lerch II*. Thus, I will proceed to the merits of Lerch's claims.

---

[1] Although the parties have not raised the issue of claim preclusion, the Seventh Circuit has stated that a court may properly raise the issue *sua sponte*. *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) ("Although claim preclusion is an affirmative defense that can be waived, we have recognized that courts, in the interest of judicial economy, may raise the issue of preclusion *sua sponte* even when a party fails to do so.") (citations omitted); *see also See Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.") (internal quotation marks omitted).

**I. Equal Protection Claim for Razing 1168 Klaus Street**

Lerch contends that defendants violated his equal protection rights by razing his property at 1168 Klaus Street and not other similarly situated properties. Proving a Fourteenth Amendment equal protection violation based on a "class-of-one" theory is a formidable task. As the Seventh Circuit observed in affirming *Lerch II*:

> It is difficult to succeed on a class-of-one equal protection theory; to prevail Lerch must show that the defendants intentionally treated him differently from others similarly situated, and that there is "no rational basis for the difference in treatment or the cause of the differential treatment is a totally illegitimate animus." *See Maulding Dev't, LLC v. City of Springfield*, 453 F.3d 967, 969-70 (7th Cir. 2006) (quotation marks and citation omitted); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564-65, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Lerch must demonstrate that the property owners the city treated differently from him were not just similar, but "'prima facie identical in all relevant respects.'" *See Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005) (quoting *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002)). The similarly situated test is a particularly high bar because "[v]arious factual traits, circumstantial nuances, and peculiarities can set entities apart, rendering them, by virtue of their differences, amenable to disparate treatment." *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 681 (7th Cir. 2005).

271 Fed. Appx. at 529-30. In order to avoid summary judgment, Lerch must designate sufficient facts to show a dispute of fact as to whether he was treated different than similarly situated property owners and that this difference in treatment was for an illegitimate reason.

All of the properties Lerch names in his amended complaint as being similarly situated are, for various reasons, not comparable to 1168 Klaus Street. For example, 1167 Klaus Street is an owner-occupied structure. Although it was the subject of a complaint for failing to have handrails on the front porch, given the fact it was over a hundred years old the City does not require handrails, and thus has not cited it for this reason or razed the structure. (Loehlein Aff. ¶¶ 28-31.) The antiquity of 509 Spring Street also did not require the City to act on a complaint regarding a lack

of handrails on the porch, and the owner of the property corrected the property's garage violations. (*Id*. ¶¶ 32-34.) Although Lerch cites 535 3rd Street as a comparable property, the fact that the City actually razed the property after granting a new owner an opportunity to bring the structure up to code does not show that Lerch was treated any differently with regard to the razing of 1168 Klaus Street. (Doc. # 31.) In the case of 1429 Main Street and 1446 East Mason, after the properties were condemned or the subject of a raze and repair order, the owners submitted repair plans, which the City approved, along with work permits. (Loehlein Aff. ¶¶ 35-43.) The residence at 1401 North Irwin was damaged by fire, but after a raze or repair order issued the City also issued building and electrical permits and the prescribed repairs were completed. (*Id*. ¶ 44-49.) The owner-resident at 838 Dousman contested a municipal citation from 1999, which was dismissed and the repairs agreed to by the owner and the City were completed. (*Id*. ¶¶ 50-53.) The commercial building at 1100 Main Street was renovated according to plan and was never condemned. (*Id*. ¶¶ 54-47.) The residence at 1744 Eastman was subject to a raze or repair order, but after it went into foreclosure the mortgagee bank obtained a restraining order to prevent to raze of the property, and all violations were corrected. (*Id*. ¶¶ 58-61.) The owner of the daycare business at 333-35 South Baird also obtained injunctive relief in order to prevent execution of a May 30, 2008 raze or repair order. The City issued permits for repairs on January 13, 2009, and these repairs were completed in September 2009. (*Id*. ¶¶ 62-66.) Finally, although the mortgagee of 1311 Cedar obtained an injunction to prevent the raze of the structure, after the necessary repairs were not completed the building was razed on May 8, 2009. (*Id*. ¶¶ 67-71.)

None of the properties cited by Lerch are similarly situated to his property at 1168 Klaus Street, as they are all either owner-occupied, commercial, had court action initiated or had submitted

6

plans and obtained permits. In contrast, Lerch did not reside at 1168 Klaus Street, he did not turn to the state courts for injunctive relief to prevent the razing of the structure, and while he claims he was making the needed repairs, he did not formally submit and have approved repair plans and obtain building permits. Because Lerch has failed to demonstrate that he was treated any differently than anyone similarly situated, the Court will enter summary judgment in favor of defendants on his claim that 1168 Klaus Street was razed in violation of his right of equal protection.[2]

## II. Equal Protection Claim for 503 South Ashland Avenue

Although the claim is not well developed, it appears that Lerch takes issue with the fact that he was issued citations for failing to complete repairs at 503 South Ashland Avenue, when the owner of 1167 Klaus Street was ordered to perform similar repairs but never issued citations for failing to do so. But as discussed above, 1167 Klaus Street was an owner-occupied structure, whereas Lerch's property at 503 South Ashland Avenue was not. Lerch fails to point to a similarly situated property in support of his claim that his receipt of citations at 503 South Ashland Avenue violated the Fourteenth Amendment.

## III. Eighth Amendment Claim

Lerch also appears to claim that the citations he was issued for 503 South Ashland Avenue violate his Eighth Amendment right to be free from excessive fines. In *Lerch II* I noted that the

---

[2]The purportedly comparable properties discussed above were listed in the amended complaint. In response to the motion for summary judgment, Lerch listed a number of additional properties which he contends are similarly situated. Defendants object to the Court's consideration of these properties, as they were not pled in Lerch's amended complaint. The Court will disregard any properties Lerch identifies in response to the motion for summary judgment not contained in the amended complaint. *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 606 (7th Cir. 2000) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.") (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)).

Eighth Amendment's protections do not apply where a landlord is fined for a violation of a city ordinance without being subjected to a finding of guilt pursuant to due criminal process. *See Help Hoboken Housing v. City of Hoboken*, 650 F. Supp. 793, 800 (D.N.J. 1986). Lerch's attempt to revive this claim fails.

## CONCLUSION

Lerch's failure to identify properties similarly situated to his property at 1168 Klaus Street and 503 South Ashland Avenue is fatal to his equal protection claim. Further, the undisputed facts demonstrate that Lerch's Eighth Amendment claim fails as he was not fined as a result of a finding of guilt through the criminal process.

Accordingly, the motion for summary judgment is **GRANTED** and this matter is **DISMISSED**.

**SO ORDERED** this   21st   day of June, 2010.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge

8

Case 1:08-cv-01034-WCG   Filed 06/21/10   Page 8 of 8   Document 54